| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>POUGHKEEPSIE DIVISION<br>-------------------------------------------------------------- X | <u>FOR PUBLICATION</u> |
| In re Eric S. Feinberg, | Case No. 09-37151 |
| Debtor. | Chapter 13 |
| -------------------------------------------------------------- X | |
| Eric S. Feinberg and Jeffrey Sapir, as chapter<br>13 trustee, | Adv. P. No. 09-09091 |
| Plaintiffs,<br>vs. | |
| Bank of New York, as trustee for the Certificate<br>Holders CWABS, Inc. Asset-Backed Certificates,<br>Series 2005-17, Countrywide Home Loans, Inc.,<br>CWABS, Inc., Bank of America., Mortgage Electronic<br>Systems, Inc., BAC Home Loan Servicing, LP, | |
| Defendants.<br>-------------------------------------------------------------- X | |

DECISION AND ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DISMISSING COMPLAINT

Debtor filed for relief under Chapter 13 on August 6, 2009. On Schedule A, which lists debtor's real property, Debtor indicated that he owned real property located at 4 Stissing Mountain Lane, Pine Plains, NY in fee simple. ECF Docket No. 1. The current value of the real property is listed as $250,000 and the amount of the secured claim is listed as $278,400. *Id*. On Schedule D, which lists creditors holding secured claims, Debtor indicated that Bank of New York, as trustee c/o Countrywide Home Loans holds a secure claim on the real property in the amount of $278,400 and that MERS, Inc. holds a secure claim on the real property in the amount of $79,600. Both of these secured debts are marked as disputed by the debtor.

The last date to file proofs of claim was set at December 8, 2009. On September 16, 2009, Bank of New York as Trustee by its servicer BAC Home Loans

1

filed a timely proof of claim (Claim No. 4)(hereafter, "Proof of Claim") for a secured debt in the amount of $273,392.79, with arrearages of $77,267.86.  Undisputed Facts ¶1. Debtor did not request any supporting information to the proof of claim before he commenced this adversary proceeding.  Undisputed Facts ¶ 7.

The present adversary proceeding (hereafter, "Complaint") was commenced on October 14, 2009.  The Complaint sought, *inter alia*, declaratory judgment and equitable relief to disallow the Proof of Claim or determine the secured status of the Proof of Claim, and damages against the Defendant for filing a fraudulent proof of claim.  On November 30, 2009, Defendants filed an Answer (hereafter, "Answer"), *inter alia,* denying the Plaintiff's allegations and affirming that they filed a valid proof of claim. The Complaint alleges that Defendants cannot show that they have a secured lien or that they are the owner of the mortgage and debt. (Complaint ¶¶ 5-6).  Complaint seeks an extinguishing of the proof of claim because the Defendants are not the rightful owners of the Plaintiffs' mortgage and debt.  (Complaint ¶ 7).  Discovery took place between the parties and motions for summary judgment were made by all parties.

The parties filed motions for summary judgment on June 18, 2010 (hereafter, "Plaintiff's Summary Judgment" and "Defendant's Summary Judgment").  Both parties filed opposition to the respective motions for summary judgment on July 2, 2010 (hereafter, "Plaintiff's Opposition" and "Defendant's Opposition"). The parties filed a Joint Statement of Undisputed Facts on July 8, 2010 (hereafter, "Undisputed Facts").  On July 8, 2010, Defendants filed an Objection to Debtor's Declaration (hereafter, "Defendant's Objection to Declarations") after the deadline set by the Court for summary judgment papers.   Plaintiff, by multiple letters, asked for the Court, *inter alia*, to disregard the Defendant's Objection to Declarations.  (See ECF Docket Nos. 31, 33). The hearing to consider all summary judgment motions was scheduled for July 20, 2010. On July 14, 2010, the Court entered a Notice of Adjournment of Hearing (hereafter, "Notice of Adjournment") to postpone the scheduled hearing to July 28, 2010.   The Notice of Adjournment also informed all parties that the Court would consider all summary judgment papers on July 28, 2010 including the Defendant's Objection to Declarations.  The Plaintiff was given until July 23, 2010 to file any responsive papers to the Defendant's Objection to Declarations.   On July 23, 2010, Plaintiff responded to the

2

Defendant's Objection to Declarations (hereafter, "Reply to Defendant's Objection to Declarations"). The Court heard oral argument on July 28, 2010 (hereafter, "Oral Argument").

### *Undisputed Facts*

On or about November 29, 2005, Debtor executed and delivered the Note to Countrywide. Undisputed Facts ¶ 2. Debtor also executed the Mortgage in favor of MERS, acting solely as nominee for lender Countrywide, mortgaging the Subject Property as security for the Note. *Id*. The Mortgage was recorded in the Dutchess County Clerk Office on December 7, 2005. *Id*.

The Note called for the Debtor to make consecutive monthly payments starting on January 1, 2006 and continuing through December 1, 2035. Undisputed Facts ¶ 4. In the Note, in the event of default, the holder of the Mortgage could declare the entire indebtedness secured by the Mortgage immediately due and payable. Undisputed Facts ¶ 4. The Note also called for the Debtor to pay the principal sum of $278,600 along with overdue fees as accrued and in the event of foreclosure, costs and fees for enforcement of the Note. Undisputed Facts ¶ 4. Debtor has not made payment on the Note and Mortgage since October 1, 2007 and is in default. Undisputed Facts ¶ 5. Defendant produced the original Note in response to the filing of this adversary proceeding. Undisputed Facts ¶ 8. Plaintiff contends that he only signed one version of the note and mortgage and signed no copies. (Plaintiff's Reply ¶ 28 -9).

### **JURISDICTION**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Acting Chief Judge Robert J. Ward dated July 10, 1984. Adjudication of the Motion constitutes a core proceeding within the meaning 28 U.S.C. §§ 157(b)(2)(B) and (K). Venue of the captioned cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. These motions deal with the Court's statutory power pursuant to sections 502 and 105(a) of title 11 of the United States Code (the "Bankruptcy Code" or alternatively the "Code").

**Procedural Matters**

In this Circuit and elsewhere there is a "jurisprudential preference for adjudication of cases on their merits rather than on the basis of formalities."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988).  The Court believes that it has the authority to consider Defendant's Objection to Declarations based upon a judicial preference for adjudication on the merits.  Despite the authority to consider the papers, the Court did not consider Defendant's Objection to Declarations or the Reply to Defendant's Objection to Declarations because it was in substance an unauthorized sur-reply in the summary judgment motions, despite being characterized by Defendants as an independent motion.

**Summary Judgment**

Pursuant to Fed. R. Civ. P. 56(c) (applicable to this adversary proceeding by Fed. R. Bankr. P. 7056), summary judgment should be granted to the moving party if the Court determines that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  A movant has the initial burden of establishing the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 322-23.  "A fact is material only if it affects the result of the proceeding and a fact is in dispute only when the opposing party submits evidence such that a trial would be required to resolve the differences." *In re CIS Corp.*, 214 B.R. 108, 118 (Bankr. S.D.N.Y. 1997).

> The role of the court in deciding a motion for summary judgment "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party."

*Goldberg & Connolly v. New York Comm. Bancorp, Inc.*, 565 F.3d 66, 71 (2d Cir. 2009) (quoting *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986)).  There is no genuine issue for trial if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  A moving party may obtain summary judgment by showing that little

4

or no evidence may be found in support of the nonmoving party's case. *Gallo v. Prudential Residential Servs. Ltd. P'ship*, 22 F.3d 1219, 1223-1224 (2d Cir. 1994). The non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Repp v. Webber*, 132 F.3d 882, 889 (2d Cir. 1997). If the facts are "so one-sided that one party must prevail as a matter of law," then summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The primary goal of summary judgment is to "dispose of factually unsupported claims or defenses." *Celotex*, 477 U.S. at 323-24. The party opposing summary judgment must set forth specific facts that show that there are triable issues, and cannot rely merely on pleadings containing allegations or denials. *Id*. at 324.

**Proof of Claim**

Pursuant to Bankruptcy Code Section 502(a), a proof of claim is deemed allowed unless a party in interest objects to it. As Bankruptcy Rule 3001(f) states, "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Assuming that the "averments in [the] filed claims meet the standard of sufficiency, it is 'prima facie' valid" the burden then shifts to the objector to produce evidence sufficient to negate prima facie validity. *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). "Once an objectant offers sufficient evidence to overcome the prima facie validity of the claim, the claimant is required to meet the usual burden of proof to establish the validity of the claim." *In re Rockefeller Center Properties*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000) (Beatty, J.) (quoting Collier on Bankruptcy). Ultimately it is the claimant, the Bank of New York as Trustee by its servicer BAC Home Loans, who bears the burden of persuasion as to the allowance of their claim. *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992).

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is " prima facie " valid .... [and] the ... burden of going forward then shifts to the objector to

5

> produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The burden of persuasion is always on the claimant.

*In re Spiegel, Inc.*, No. 03-11540, 2007 WL 2456626, *15 (Bankr .S.D.N.Y. Aug. 22, 2007) (*citing In re Alleghany Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir.1992)). The Court finds as a matter of law that the Plaintiff has failed to produce any evidence to refute Bank of New York as Trustee by its servicer BAC Home Loans' proof of claim.

A recent decision in this district, *In re Minbatiwalla*, 424 B.R. 104 (Bankr. S.D.N.Y. 2010) (J. Glenn) outlined what constitutes the required documentation for a proof of claim in the context of mortgages. Judge Glenn held that the creditor "may initially attach only a summary of its claim, containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees that make up the balance of the debt." *Id*. at 117. In the event that the creditor is the assignee of the mortgage, as in the present case, the court in *Minbatiwalla* requires that the creditor "must provide an affidavit attesting to the assignment of the note and mortgage." *Id*.

Here, the proof of claim provided a summary of the claim with the appropriate information regarding the debtor, interest, and finance charges. Bank of New York as Trustee by its servicer BAC Home Loans is an assignee. According to *Minbatiwalla,* the secured creditor should have filed an affidavit with the proof of claim attesting to the assignment. Although such an affidavit would have been helpful to the Debtor and to the Court at the time the proof of claim was filed, the Bank of New York provided the documentation as part of this adversary proceeding. This Court holds that even if the Bank of New York failed to establish the prima facie validity of its proof of claim, it corrected this non-fatal error in the instant adversary proceeding by providing enough

documentation to comply with the requirements of Fed. R. Bankr. P. 3001(c).  *See In re Lundberg*, 2008 WL 4829846, *2 (Bankr. D. Ct. October 27, 2008);  *In re Los Angeles Int'l Airport Hotel Assoc.*, 196 B.R. 134, 139 (9th Cir. B.A.P.1996).

Bank of New York as Trustee filed a timely proof of claim and attached an itemization of the principal, escrow, late charges and other costs associated with the Debtor's default.  Debtor did not request any supporting information to the proof of claim before the commencement of this adversary proceeding.  Undisputed Facts ¶ 7.  Plaintiff requested "such additional documentation in the form of discovery demands made in the adversary proceeding."  Plaintiff's Opposition ¶ 8.  Debtor acknowledges that upon request, "a proof of claim was sent to the debtor which included the mortgage and a mortgage 'note' made payable to Countrywide Home Loans, Inc., the original mortgagee and a onetime owner of the Feinberg 'note.'"  Plaintiff's Opposition ¶ 4.

Bank of New York's proof of claim is not prima facie evidence of the validity and the amount of claim because they failed to attach any documentation with respect to the assignment.  Fed. R. Bankr. P. 3001(f); In re Lehning, 2007 WL 1200820, *3 (Bankr. N.D.N.Y. April 20, 2007).   This failure to comply with the requirements of Fed. R. Bankr. P. 3001 is an amendable defect and not fatal to the proof of claim, though it shifts the burden to Bank of New York to sustain the burden of persuasion by a preponderance of evidence to establish the validity and amount of the claim.  *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992).

In response to the instant adversary proceeding, Bank of New York as Trustee by its servicer BAC Home Loans produced the original note and mortgage, client declarations explaining how the arrearages were computed, and proof of assignment of the mortgage, and proof that the representative making the assignment had the requisite authority to take such an action.  The Court holds that the Bank of New York established by a preponderance of the evidence the validity and amount of the proof of claim, and the Debtor has failed to set forth specific facts showing that there is a genuine issue for trial.  *Anderson*, 477 U.S. at 248-49.  Defendants met their burden on summary judgment by showing there is no genuine issue as to any material fact and they are entitled to judgment as a mater of law.  *See Celotex*, 477 U.S. at 323.

**Questions Concerning the Assignment are Moot**

In New York, delivery alone is sufficient for a valid mortgage assignment. *In re Conde-Dedonato*, 391 B.R. 247, 252 (Bankr. E.D.N.Y. 2008). "There is no need for a written assignment from the owner of the note and mortgage when it transfers its interests by delivering the actual note and mortgage to the assignee." *Id*.

In *Conde-Dedonato*, debtor signed a note and mortgage for $352,000 for real property located in Nassau County, NY on August 18, 2005. *Id*. at 248-49. The lender listed on the note and mortgage was First National Bank of Arizona. *Id*. at 249. On October 12, 2005, Homecomings Financial, LLC (hereafter, "Homecomings") became servicer on the note and mortgage. *Id*. On December 29, 2005, Deutsche Bank Trust Company Americas as Trustee ("Deutsche Bank") became the holder of the note and mortgage. *Id*. On August 17, 2007, debtor filed for Chapter 7 bankruptcy and the case was converted to Chapter 13 on December 13, 2007. *Id*. The debtor listed real property with a value of $425,000 and encumbered by two mortgages, one held by Homecomings and the other by Citibank, NA. *Id*. On January 23, 2008, Homecomings filed a proof of claim which included pre-petition arrears. *Id*. A review of the claim's register in the *Conde-DeDonato* bankruptcy revealed that the proof of claim consisted of two pages, the official form and a breakdown of the costs. Debtor's chapter 13 plan filed January 28, 2008, listed Homecomings as the holder of a mortgage claim. *In re Conde-Dedonato*, 391 B.R. at 249. Homecoming objected to the plan because it did not provide for its pre-petition arrears as stated in the proof of claim. *Id*. The objection attached a copy of the original the note and mortgage but not the assignment. *Id*. At oral argument, debtor raised for the first time that there was no assignment evidencing the transfer of the note and mortgage from First National Bank of Arizona to Deutsche Bank and that as a result Homecomings was not a creditor in the case and could not file a proof of claim. *Id*.

The court in *Conde-Dedonato* held that Deutsche Bank was the holder of the debtor's note and mortgage by virtue of the delivery of the note and mortgage. *Id*. at 251. In New York, a written assignment is not necessary when the transfer of the mortgage is made by delivery. *Id*. at 251. Homecomings was the agent and servicer of Deutsche Bank, who validly held the note and mortgage, and had standing to file a proof of claim. *Id*. at 250. Homecomings "provided an affidavit attesting that it is the servicer of the

8

note and mortgage, ***has provided the original note and mortgage***, was listed on the Debtor's Schedules as having a claim against the estate, and was provided for in the Debtor's Chapter 13 Plan." *Id*. at 250 (emphasis added). The court pointed to a New York state case which held that where one party received written assignment and a different party received delivery of the note and mortgage, the party who received delivery validly held the interest. *National Mtg. Consultants v. Elizaitis*, 787 N.Y.S.2d 679, (Sup. Ct. Suffolk County 2004) *aff'd*, 804 N.Y.S.2d 799 (2d Dep't, Nov. 28, 2005).

An assignee who received delivery of the relevant note and mortgage, has standing to file a proof of claim. *See In re Minbatiwalla*, 424 B.R. 104, 109 (Bankr. S.D.N.Y. 2010) (J. Glenn). *See* N.Y. Real Property Law § 244 ("A grant takes effect, so as to vest the estate or interest intended to be conveyed, only from its delivery; and all the rules of law, now in force, in respect to the delivery of deeds, apply to grants hereafter executed."); *see also* Deutsche Bank Nat'l Trust Co. v. McRae, No. 36701, 2010 WL 309015 at *2 (N.Y. Sup. Ct. Allegany Cnty Jan. 25, 2010) (*citing Fryer v. Rockefeller*, 63 N.Y. 268 (1875)); *Curtis v. Moore*, 152 N.Y. 159 (1897); N.Y. Jur.2d Mortgages and Deeds of Trust § 272 (2009) ("A mortgage can be assigned in two ways-by delivery of the bond and mortgage by the assignor to the assignee with the intention that all ownership interests thereby transferred, or by a written instrument of assignment."). The assignee does not need to produce a valid written assignment because it is unnecessary under N.Y. law where the assignee can show delivery, which can be done by producing the actual note and mortgage.

In the matter at bar, Defendant did not need to annex a copy of the assignment to the proof of claim, because it had the original note and mortgage, and produced these documents during discovery and at Oral Argument. Bank of New York's possession of the note and mortgage attests to their delivery and is sufficient evidence of a valid mortgage assignment. Plaintiff's summary judgment argument rests partly on the validity of the assignment and those arguments are accordingly moot.[1]  (Complaint ¶ 10 c-f). The Defendants have produced the Note (*See* Sjolander Dec. Ex. B) and Mortgage (*See* May Dec. Ex. A) to the Plaintiff and at Oral Argument. Although the Defendants have

---
[1] An assignment of the Mortgage to BNY Trustee was registered with the Dutchess County Clerk's office on April 11, 2008.

also produced the proof of assignment, physical possession of the original note and mortgage received by delivery negates any need for a written assignment. *In re Conde-Dedonato*, 391 B.R. at 252; *U.S. Bank v. Collymore*, 890 N.Y.S.2d 578, 580 (2d Dep't 2009). Accordingly, Debtor's contention that the "promissory 'note' attached to the proof of claim is made payable to Countrywide Home Loans, Inc. (hereinafter CHL), with no indication that the 'note' has been endorsed/negotiated to BNY" is legally irrelevant. Plaintiff's Summary Judgment ¶ 23. As a matter of law, Defendant's possession of the original note and mortgage is evidence of a valid assignment, and the Plaintiff has raised no triable issue of fact with respect to the assignment.

Debtor points the Court to the *Bank of New York v. Myers*, 22 Misc.3d 1117(A), 2009 WL 241771 (Sup. Ct. Kings County 2009) to support the proposition that a specific individual, Keri Selman, did not have the authority within MERS to assign the mortgage. *Myers*, unlike the instant case, dealt with summary judgment in a foreclosure action in state supreme court. Debtor makes an assertion that he believes Ms. Selman was employed by Countrywide at the time she signed the assignment of mortgage on behalf of MERS, but provides no affidavits or evidence that supports his assertion or raises a material triable issue. Plaintiff's Summary Judgment ¶ 79. Without evidentiary support of any kind, the Court must disregard unsupported assertions. *Celotex*, 477 U.S. at 323-24. Even if the Debtor could show that Ms. Selman did not have authority to assign the mortgage, the Court does not need a valid written assignment where the Defendant has possession of the original note and mortgage.

**Unsecured Claim**

Defendant's Summary Judgment includes a declaration of Kelly May (hereafter, "May Declaration"), a vice-president of BAC Home Loans Servicing outlining the unsecured portion of the Proof of Claim. The May Declaration includes a breakdown of the missed monthly payments since Debtor stopped making payments in October 2007. May Declaration ¶ 3. The months are broken down into smaller periods which clearly represents the adjustable rate of interest on the mortgage. *Id.* The May Declaration explains the source of the escrow amounts including tax and insurance payments as well

10

as pre-petition foreclosure legal fees. May Declaration ¶¶ 4-5. The May Declaration also includes exhibits to support her assertions.

Debtor "believes this escrow figure claimed as owed is not correct." Plaintiff's Opposition ¶ 42. Plaintiff "claims that he had been paying roughly $377 a month toward taxes and insurance." Plaintiff's Opposition ¶ 43. Plaintiff further argues that "without itemizing and explaining how defendant has come up with the figures it has plaintiff debtor is at loss as to whether he owes the money that is claimed owed." Plaintiff's Opposition ¶ 46. Plaintiff submitted no documentation or affidavits to support his position.

The Court holds that the Defendants have sustained their burden by providing a preponderance of evidence to support the unsecured portion of their proof of claim. The May Declaration and accompanying exhibits provides a basis to support the amounts contained in the Proof of Claim. The Plaintiff does not provide a factual basis other than mere assertions to contradict the Defendant's proof of claim. The Plaintiff cannot rely on "metaphysical doubt" as to material facts to satisfy his burden in opposition to Defendant's Summary Judgment. *See Repp v. Webber*, 132 F.3d at 889.

**Dueling Notes**

Two copies of the Note and Mortgage signed by the Debtor have been produced by the Defendants in this action. Plaintiff's Summary Judgment ¶ 30. Debtor "believes that the first note produced in BNY's state court motion for summary judgment was the note he signed. Plaintiff's Summary Judgment ¶ 41. The Debtor states that he "believes that the 1st note's signature is his signature, but does not believe the 2nd notes' signature is his." *Id*. The Debtor draws the conclusion that "unless plaintiff signed two (2) separate notes for the same amount, one can only believe that one of these notes are forged or fraudulent in some material way." *Id*. ¶ 42. Debtor admitted on the record of the hearing on July 28, 2010, that the terms of the notes do not differ.

The Debtor provides no factual basis for the assertion that the second note and mortgage is not his signature. As noted above, the purpose of summary judgment is to "dispose of factually unsupported claims or defenses." *Celotex*, 477 U.S. at 323-24. Defendants produced both notes as well the closing procedures to the Debtor that called

11

for multiple copies to be executed.  Defendant's Opposition II, A; Second Howard Dec. ¶¶ 2-3, Exh. A, B, C, D)    The Defendants produced two signed notes by the Debtor as well as the reason why there would be two notes, whereas the Debtor merely points the Court to the difference in the signatures.  Debtor's Motion ¶¶ 38-40.  The loan file produced to the Debtor contained both copies of the Note and two separate notarized copies of the Mortgage.  *See* Second Howard Dec. Exhs. A, B, C, D.  The Defendant is correct that the Debtor's "failure to recall signing two copies of the Note is not sufficient to create an issue of fact" or to carry the Debtor's burden on summary judgment.  Defendant's Opposition ¶ 2.  At Oral Argument, Defendants made clear that there is only one note for collection and only one entity that will collect on the note.

**Damages are Not Appropriate**

Debtor seeks "actual and punitive damages from the Defendants pursuant to Sections 362(a) and 105 of Title 11 … for filing a false a fraudulent proof of claim." Complaint ¶ 3.   Federal courts have inherent and express authority to control the practice before them. *Chambers v. Nasco, Inc*., 501 U.S. 32, 43 (1991).  Bankruptcy courts are further empowered by 11 U.S.C. 105(a), which authorizes them to "issue any order … necessary or appropriate to carry out the provisions" of Title 11.  11 U.S.C. § 105(a); *In re Dickerson*, 2009 WL 4666457 (Bankr. N.D.N.Y. December 8, 2009).  Bankruptcy courts have inherent authority to sanction parties for improper conduct.  *In re Downs*, 103 F.3d 472, 477 (6th Cir. 1996).   In order to merit sanctions, the conduct must be done in bad faith.  *See In re Green*, 422 B.R. 469, 474-75 (Bankr. S.D.N.Y. 2010).  The filing of a proof of claim is the proper action for a creditor to take and does not violate the automatic stay.  *Campbell v. Countrywide Home Loans Inc.*, 545 F.3d 348, 356 (5th Cir. 2008).

The Court does not find that the Defendants have acted in bad faith.  The Court also finds that there is no actionable conduct that would warrant sanctions.

**Plaintiff's motion to dismiss his bankruptcy case**

On July 28, 2010, apparently after the Oral Argument, Plaintiff filed a notice of dismissal of his chapter 13 case.  The receipt of the notice of the electronic filing

12

indicates that the notice of dismissal was filed at 4:18 p.m. Plaintiff references the "possible impact" of a state court judgment of foreclosure, which he alleges is "clearly erroneous."

Plaintiff's dismissal of his chapter 13 case does not prevent the Court from issuing this final, valid and binding judgment on the merits in the present adversary proceeding. The bankruptcy case remains open. The Court may exercise its discretion in determining whether to dismiss an adversary proceeding, when the debtor dismisses the bankruptcy case.

The Second Circuit held that a bankruptcy court could exercise its discretion in deciding an adversary proceeding even after the bankruptcy case was dismissed, in *In re Porges*, 44 F.3d 159 (2d Cir. 1995). In *Porges*, the bankruptcy court held a bench trial in an adversary proceeding, orally ruled in the creditor's favor, and directed the creditor to submit proposed findings of fact and conclusions of law. The day before the submissions were due, the debtor dismissed his chapter 13 case. The bankruptcy court signed the order dismissing the case, but specifically retained jurisdiction to enter the findings of fact and conclusions of law.

The Second Circuit joined the majority of circuits in favor of the general rule that related proceedings should be dismissed following termination of the bankruptcy case, and further held that dismissal of the related proceedings was not required, that the dismissal of the bankruptcy does not strip the federal court of jurisdiction over a related adversary proceeding, and that the bankruptcy court may exercise its sound discretion in deciding whether to retain jurisdiction over the adversary proceeding. *In re Porges*, 44 F.3d at 162.

The Second Circuit analogized the retention of jurisdiction to a district court's jurisdiction over pendant state claims after all federal claims are dismissed. *Id.* In such circumstances, the court considers four factors in determining whether to retain jurisdiction: judicial economy, convenience to the parties, fairness and comity. *Id.* at 163. The appellate court noted that the trial had already been held, that declining jurisdiction would serve no useful purpose, and would have wasted the resources already invested by the parties and the court. *Id.* Additionally, the debtor had voluntarily submitted himself to the jurisdiction of the bankruptcy case and forced the creditor to

13

litigate in that forum.  *Id.  Accord, In re Hasan*, 287 B.R. 308 (Bankr. D. Conn. 2002) (Schiff, Bankr. ,J.) (sanctioning debtors who dismissed their chapter 13 case and immediately commenced another chapter 13 case after receiving an unfavorable bench ruling in an adversary proceeding); *In re Chapman*, 265 B.R. 796 (Bankr. N.D. Ill. 2001).

In the matter at bar, the Court follows *Porges*, and exercises its discretion to retain jurisdiction over the adversary proceeding so that this decision and order may enter.  The parties have completed the pleading process and discovery.  They have fully briefed their motions for summary judgment, laying bare their legal strategies and legal bases for relief.  At Oral Argument, the Defendant produced the original note and mortgage, a compelling piece of evidence that is determinative of the Court's decision in this matter.  Indeed, the Court was not at all influenced by the state court judgment of foreclosure; all the Court needs in rendering this opinion is the proof of claim, and the note and mortgage.  Judicial economy, convenience to the parties and fairness to the Defendants would not be served if the Court declined to exercise jurisdiction in this matter.  The Court finds as a matter of comity that it should not allow a mostly litigated lawsuit concerning mortgage assignment and enforceability to start anew in another Court.

The Court has considered all other arguments raised by the Plaintiff and finds them to be without merit.

**Conclusion**

For all the foregoing reasons, the Court holds that the proof of claim is valid, because the Defendants proved by a preponderance of the evidence that they had standing to file the proof of claim and enforce the rights under the note and mortgage.  The Defendants carried their burden by producing the original note and mortgage.  Pursuant to the New York law of possession of the note and mortgage, the proof of claim is valid.  The Court retains jurisdiction to render this opinion, even after Plaintiff dismissed his bankruptcy case.  The Court exercises its discretion to retain and exercise jurisdiction over this matter.

Therefore, the Defendant's motion for summary judgment is GRANTED; and the Plaintiff's motion for summary judgment is DENIED; and the Complaint is DISMISSED.

The Court shall enter a separate order.

Dated: Poughkeepsie, NY
       July 30, 2010                                   /s/ Cecelia Morris
                                                            U.S. Bankruptcy Judge